Craig K. Perry, Esq.
Nevada Bar No. 3786
**CRAIG K. PERRY & ASSOCIATES**
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
T: (702) 228-4777
F: (702) 943-7520 Fax
info@1stoplawfirm.com

*Attorney for Plaintiff*

<div align="center">UNITED STATES OF AMERICA

DISTRICT OF NEVADA</div>

| | |
|---|---|
| Ralph D. Ortega,<br><br>    Plaintiff,<br><br>v.<br><br>Credit One Bank, N.A.; and Trans Union LLC,<br><br>    Defendants. | Case No.:<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**<u>JURY DEMAND</u>** |

   Plaintiff, Ralph D. Ortega ("Plaintiff"), by and through his attorney of record, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and for his claims for relief against Defendant(s) Trans Union LLC and Credit One Bank, N.A., complains and alleges as follows:

<div align="center">**JURISDICTION AND VENUE**</div>

   1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

   2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

   3. The Defendants regularly conduct business in Clark County, Nevada.

   4. Under 28 U.S.C. § 1391(b) and (c), venue in this District is proper because either the Plaintiff and/or Defendant reside and/or do business in the District of Nevada, a substantial part of the events or omissions giving rise to the claim occurred in the District of Nevada, or the entities

with capacity to be sued are deemed residents because the Defendants are subject to the court's personal jurisdiction with respect to this civil action.

## PARTIES

5. Plaintiff is an adult individual presently living in the State of Arkansas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Credit One Bank, N.A. ("Credit One") is a Nevada Corporation doing business with customers throughout the United States.

8. Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

10. On July 27, 2004, Plaintiff filed for bankruptcy in the Western District of Texas (Waco), Case No. 04-61670-lek.

11. After the Plaintiff found employment, and being able once again to meet his financial obligations, Plaintiff's bankruptcy was summarily dismissed by the court on February 1, 2005. After receiving the Trustee's Chapter 13 Final report, the bankruptcy case was closed on April 7, 2005.

12. Almost 12 years later, on or about January 15, 2017, Plaintiff attempted to use his Credit One credit card at a hotel while working on a project out of state. After an employee of the hotel attempted to process the credit card payment, she told Plaintiff that his card had been canceled and that she was instructed to keep and destroy his card.

13. At the time, Plaintiff was current on his payments with his Credit One credit card and had planned on using that card while working out of state for his employer.

14. The following day, Plaintiff contacted Credit One to find out why the card had been canceled. The person answering his call informed him that Credit One had received information that he had a bankruptcy had appeared on his record, and that based on this information alone, the credit card was canceled.

15. Plaintiff learned that his consumer file with Trans Union showed that Credit One was the source that was reporting the bankruptcy to Trans Union.

16. In keeping with the requirements of the FCRA, Plaintiff contacted Trans Union to dispute the reporting of the erroneous and old information, informing them that the bankruptcy was dismissed and in any event, that it was past the maximum allowable reporting period, and he requested that they investigate it and delete it.

17. On February 7, 2017, in response to his dispute, Plaintiff received a response from Trans Union. Trans Union indicated that they had completed their investigation, and from it they concluded that the bankruptcy on his report was verified and was being properly reported.

18. Trans Union did not consult any public records as a part of its investigation of this dispute.

19. Credit One failed to provide Trans Union with the correct information concerning the both the dismissal of the bankruptcy and ignored the age of the information, indicating that the bankruptcy was not scheduled to drop off his Trans Union report until the year 2022.

20. Defendants, and each of them, failed to correct this inaccuracy on Plaintiff's credit report within 30 (thirty) days of receipt of Plaintiff's dispute, or any time thereafter.

21. Defendants, and each of them, failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

22. By failing to conduct a lawful investigation and correct the problem, Defendants, and

each of them have continued to report inaccurate information on Plaintiff's credit report, in violation of the FCRA.

23. Because of Defendants' actions and/or inactions, Plaintiff has sustained concrete and particularized injuries.

24. Defendants' improper reporting continues to adversely affect Plaintiff's creditworthiness and credit score.

25. Plaintiff has made other attempts with Trans Union to have the bankruptcy removed, including hiring an attorney, but all attempts have proven unsuccessful.

26. Defendants' erroneous reporting has prevented and is Plaintiff from obtaining either lines of credit for business or low-interest loans.

27. Plaintiff has been advised by creditors that the erroneous reporting of the bankruptcy was directly responsible for preventing him from obtaining credit lines of credit of his business, leading to loss of income, as well as low-interest loans for purchasing vehicles.

28. Because of Defendants' conduct, Plaintiff has suffered and continues to suffer actual damages in the form of (a) harm to credit reputation, (b) lowered credit score, and (c) denial of credit, (d) payment of higher interest rates on auto loans, (e) avoiding loans due to high interest rate offerings, and (f) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

29. The acts and/or omissions of Defendants and the other persons or entities employed as agents by Defendant were committed within the scope of their agency relationship with the principal.

30. The acts and omissions of Defendants and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these

agents were authorized to perform by Defendants.

31. By committing these acts and omissions against Plaintiff, Defendant and these other persons or entities were motivated to benefit their principal.

32. Therefore, Defendants are liable to Plaintiff under the doctrine of Respondent Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

33. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff is entitled to recover attorney's fees and costs therefor.

### First Claim for Relief
### Violations of the Fair Credit Reporting Act, 15, U.S.C. § 1681e(b)
### Against Trans Union LLC

34. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

35. Defendant Trans Union LLC violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files each publishes and maintains concerning Plaintiff.

36. As a direct and proximate cause of acts and/or omissions of Defendant Trans Union LLC, Plaintiff suffered, and continues to suffer damages by loss of credit and loss of his ability to obtain lines of credit to expand his business, leading to loss of income, paying on high-interest loans for the purchase of two vehicles, and well as the decision to not buy another vehicle due to the loans offered at high rates of interest.

37. Plaintiff's credit score has dropped substantially as a result of this unlawful and erroneous reporting.

38. As a direct and proximate result of this acts and/or omissions of Defendant Trans Union LLC, Plaintiff purchased and maintains credit monitoring services at an additional cost.

39. As a direct and proximate result of this conduct, action and inaction of Defendant Trans Union LLC, Plaintiff suffered unfavorable loan terms for a motor vehicle, for example, causing him to forego the purchase.

40. The acts and/or omissions of Trans Union LLC, were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

41. Alternatively, Trans Union LLC, were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

42. As a direct and proximate result of the above-referenced violations by Defendant Trans Union LLC, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

43. Plaintiff is entitled to recover costs and attorney's fees from these Trans Union LLC in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n or § 1681o.

44. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff that have not yet been uncovered and are therefore not specified in this Complaint.

45. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

///

///

///

## Second Claim for Relief
### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i
### Against Defendant Trans Union LLC

46. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

47. Defendant Trans Union LLC failed to comply with 15 U.S.C. § 1681i.

48. The FCRA provides that if the completeness or accuracy of any item of information in a consumer's file is disputed that at a consumer reporting agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A).

49. In conducting the reinvestigation of dispute information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer," pursuant to 1681i(a)(4).

50. Defendant CRAs failed to conduct a lawful investigation of the inaccuracies that Plaintiff disputed.

51. Defendants each failed to review and consider all relevant information submitted by Plaintiff.

52. Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

53. As a direct and proximate cause of acts and/or omissions of Defendant Trans Union LLC, Plaintiff suffered, and continues to suffer damages by loss of credit and loss of the ability to purchase with and benefit from credit.

54. As a direct and proximate result of this acts and/or omissions of Trans Union LLC, Plaintiff was forced to purchase and maintain credit monitoring services.

55. As a direct and proximate result of this conduct, action and inaction of Defendant Trans Union LLC, Plaintiff suffered unfavorable loan terms for a motor vehicle, for example, causing him to forego the purchase of this or.

56. The acts and/or omissions of Defendant Trans Union LLC, were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

57. Alternatively, Defendant Trans Union LLC, were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

58. As a direct and proximate result of the above-referenced violations by Trans Union LLC, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

59. Plaintiff is entitled to recover costs and attorney's fees from these Defendant Trans Union LLC in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n or § 1681o.

60. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff that have not yet been uncovered and are therefore not specified in this Complaint.

61. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

///

///

///

### Third Claim for Relief
### Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b)
### Against Credit One Bank, N.A.

62. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

63. The FCRA requires that Credit One, a furnisher, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by said furnisher, to conduct a lawful or reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

64. Credit One violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b);

   a. willfully or negligently failing to conduct a reasonable investigation as to the inaccurate information the Plaintiffs disputed;

   b. willfully or negligently failed to review all relevant information concerning Plaintiffs accounts;

   c. willfully or negligently failing to report the results of investigations to the three credit reporting agencies;

   d. willfully or negligently failing to report the inaccurate status of the inaccurate information to the three credit reporting agencies;

e. willfully or negligently failing to properly participate, investigate and/or comply with the reinvestigation that were conducted by the three credit bureaus concerning the inaccurate information disputed by Plaintiff;

f. willfully or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's accounts to the consumer reporting agencies; and/or

g. willfully or negligently failing to comply with requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(b).

65. As a direct and proximate cause of acts and/or omissions of Defendant Credit One, Plaintiff suffered, and continues to suffer damages by loss of credit and loss of the ability to purchase with and benefit from credit.

66. As a direct and proximate result of this conduct, action and inaction of Defendant Credit One, Plaintiff suffered unfavorable loan terms for a motor vehicle, causing him to forego the loan.

67. The acts and/or omissions of Defendant Credit One, was willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

68. Alternatively, Credit One was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

69. As a direct and proximate result of the above-referenced violations by Defendant Credit One, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

70. Plaintiff is entitled to recover costs and attorney's fees from these Defendant Credit One Bank in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n or § 1681o.

71. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff that have not yet been uncovered and are therefore not specified in this Complaint.

72. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

### Third Claim for Relief
**Violations of the Fair Credit Reporting Act, 15 USC § 1681c(a)(1)**
**Against Credit One Bank, N.A. and Trans Union LLC**

73. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

74. Credit One and Trans Union violated 15 U.S.C. § 1681c(a)(1) in that they both reported and failed to exclude Bankruptcy information more than 10 years older than the date of relief.

75. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Ralph Ortega makes a demand for trial by jury in this case as issues relating to all Causes of Action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1) An award of actual damages

(2) An award of statutory damages;

(3) An award of punitive damages;

(4) An award of reasonable attorney's fees, costs of suit and interest;

(5) An award of injunctive relief; and

(6) For such other relief as the Court may deem proper.

Dated this 20th day of August, 2018.

    CRAIG K. PERRY & ASSOCIATES

    By /s/ *Craig K. Perry*
        Craig K. Perry, Esq.
        CRAIG K. PERRY & ASSOCIATES
        8010 W. Sahara Avenue, Suite 260
        Las Vegas, Nevada 89117
        T: (702) 228-4777
        F: (702) 943-7520 Fax
        info@1stoplawfirm.com

    Attorney for Plaintiff