Patrick J. Reilly
Nevada Bar No. 6103
preilly@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway
Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Credit One Bank, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RALPH ORTEGA,<br><br>          Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.; and TRANS UNION, LLC,<br><br>          Defendants. | Case No.: 2:18-cv-01552-JAD-CWH<br><br>**MOTION TO STAY OR DISMISS ACTION AND TO COMPEL ARBITRATION** |

Defendant Credit One Bank N.A., LLC ("Credit One") hereby moves to stay or dismiss this action without prejudice and to compel arbitration of the claims asserted by Plaintiff Ralph Ortega ("Plaintiff") in the above-entitled action.

///
///
///
///
///
///

18508966.1

1

This Motion is made pursuant to 9 U.S.C. §§ 2-4 and LR 7-2 and is based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 7th day of January, 2019.

>BROWNSTEIN HYATT FARBER SCHRECK, LLP
>
>By: /s/Patrick J. Reilly
>Patrick J. Reilly
>100 North City Parkway, Suite 1600
>Las Vegas, NV 89106-4614
>
>*Attorneys for Credit One Bank, N.A.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY OR DISMISS ACTION AND TO COMPEL ARBITRATION**

**I.**

**INTRODUCTION**

This is an action brought under the Fair Credit Reporting Act (the "FCRA"). Plaintiff applied for and opened a credit card account with Credit One, and thereafter borrowed money from Credit One. As a result, Plaintiff incurred a debt to Credit One and, according to the Complaint, Credit One thereafter reported that debt to credit reporting agency Trans Union. *See* Complaint (ECF No. 1) at ¶¶ 43-54. Plaintiff has asserted both willful and negligent violations of the FCRA against Credit One arising from that credit reporting.

As part of opening his credit account, Plaintiff gave his express and broad consent to arbitrate any and all disputes with Credit One, including any disputes which related to that account or any credit reporting thereon. Accordingly, Credit One is entitled to compel arbitration, and asks that the Court stay or dismiss without prejudice this action pending resolution of that arbitration proceeding.

## II.

## STATEMENT OF FACTS

In 2014, Plaintiff applied for a credit card account with Credit One, and his application was approved. *See* Declaration of Jeffrey Meek, attached hereto as **Exhibit "A"**. When Plaintiff became a Credit One account holder, he agreed to—and Credit One extended credit in reliance upon—the terms and conditions of Credit One's "Visa/MasterCard Cardholder Agreement, Disclosure Statement and Arbitration Agreement" ("Agreement"). *Id.* ¶ 9. A copy of the Agreement is attached hereto as **Exhibit "B"**. The Agreement provided as follows:

> This Agreement, together with the application you previously signed and the enclosed Arbitration Agreement, governs the use of your Visa or Mastercard Account issued by Credit One Bank, N.A. (the "Account," "Card" or "Card Account") . . . .
>
> **18.   Verification of Information: (a) Credit Information:** You authorize us to obtain and/or use information about you from third parties and credit reporting agencies to: . . . (6) collect amounts owing on your Account. . . . **(b) Reporting Information:** We may furnish information concerning your Account or credit file to consumer reporting agencies and others who may properly receive that information.  However, we are not obligated to release such information to anyone unless we are required to do so by law or a proper Power of Attorney is provided.

Exhibit B (emphasis in original) In addition, the Agreement had a lengthy arbitration agreement which provided, in pertinent part, as follows:

### ARBITRATION

> **PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOUR OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL. . . .**
>
> Claims subject to arbitration include, but are not limited to, disputes relating to the establishing, terms, treatment, operation, handling, limitations on or termination of your account; any disclosures or other documents or communications relating to your account; . . . billing, billing errors, **credit reporting**, the posting of transactions, payment or credits, or collections matters relating to your account . . . .

18508966.1

3

Exhibit B (emphasis in original and added). Notably, and in case there is any argument about the purported "unfairness" of arbitration proceedings, the Agreement directs that either JAMS or the American Arbitration Association arbitrate any disputes between the parties. *See* Exhibit B.

The Agreement is governed specifically by the FAA. *See id.*

## III.

## **LEGAL ARGUMENT**

Federal law provides as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Proceedings that are subject to arbitration pursuant to a written agreement shall be stayed "until such arbitration has been had in accordance with the terms of the agreement...." 9 U.S.C. § 3. In addition, a party may move for "an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4.

"It is well established that where the contract contains an arbitration clause, there is a presumption of arbitrability." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted). Thus, while the court employs general state law principles of contract interpretation, it must do so "while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (internal quotation marks omitted). "[T]he central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," and the district court must order arbitration if it is satisfied

18508966.1

4

that the making of the agreement for arbitration is not in issue. *Simula Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (internal quotation marks omitted); *Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 474 (9th Cir. 1991).

A court may also "consider materials outside the pleadings . . . to determine whether a valid arbitration agreement exists." *Wake Cty. Bd. of Educ. v. Dow Roofing Sys.*, LLC, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011). And, "a broadly-worded arbitration clause applies to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained." *Long v. Silver*, 248 F.3d 309, 316 (4th Cir. 2001); *see also Great Am. Ins. Co. v. Hinkle Contracting Corp.*, 497 F. App'x 348, 354 (4th Cir. 2012) ("[B]road arbitration clauses like the present one embrace 'every dispute between the parties having a significant relationship' to the contract, regardless of the label that a party chooses to assign to a particular claim.").

Here, the allegations in the Complaint, coupled with the Agreement, confirm that Plaintiff's claims are subject to the arbitration provisions. It is undisputed that Credit One extended credit to Plaintiff based on the Agreement, and that Plaintiff purchased items with that credit. Complaint (ECF No. 1) at ¶ 13. The Agreement specifically provides for arbitration of all disputes concerning the account, regardless of whether they sound in tort or contract, whether they are statutory or based upon the common law, and whether they are made against the dealer, the financing company, or the importer. *See* Exhibit B.

///
///
///
///
///
///
///
///
///

## IV.

## **CONCLUSION**

Accordingly, Credit One respectfully requests that this Court compel arbitration of all claims as set forth in the Agreement and stay or dismiss this action without prejudice pending arbitration of Plaintiff's claims.

DATED this 7th day of January, 2019.

                          BROWNSTEIN HYATT FARBER
                          SCHRECK, LLP


                          By: /s/Patrick J. Reilly
                              Patrick J. Reilly
                              100 North City Parkway, Suite 1600
                              Las Vegas, NV 89106-4614

                          *Attorneys for Credit One Bank, N.A.*

18508966.1

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **MOTION TO STAY OR DISMISS ACTION AND TO COMPEL ARBITRATION** was served via electronic service on the 7th day of January, 2019, to the addresses shown below:

Craig K. Perry, Esq.
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Avenue, Suite 260
Las Vegas, NV 89117
info@1stoplawfirm.com

*Attorneys for Ralph D. Ortega*

/s/ Susan Roman
An employee of Brownstein Hyatt Farber Schreck, LLP

18508966.1

7